IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS                                                               PETITIONER

VERSUS                                              CIVIL ACTION NO.  5:07cv38-DCB-MTP

CONSTANCE REESE                                                              RESPONDENT

ORDER

This cause comes before this court on petitioner's Motion for Preliminary Injunction [7]. As discussed below, the court has considered the petitioner's motion, as well as the applicable law, and finds that the petitioner's request for a preliminary injunction should be denied.

On January 9, 2008, an order [5] was entered by this court staying the instant civil action pending the decision by the United States Court of Appeals for the Fifth Circuit in Tischendorf v. Van Buren, No. 07-11262 (5th Cir. December 11, 2007).  In response to the order staying this civil action, the petitioner has filed this Motion for Preliminary Injunction [7] requesting that this court direct the respondent to transfer him to a halfway house pending the Tischendorf decision.

In order to receive a preliminary injunction, the petitioner must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest.  Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir.2003) (citing Canal Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir.1974)).  Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction.  Enterprise Intern.,Inc. v. Corporation Estatal Petrolear Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985).

"[A] preliminary injunction 'is an extraordinary remedy' which should only be granted if

the party seeking the injunction has 'clearly carried the burden of persuasion' on all four requirements." <u>Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 335 F.3d 357, 363 (quoting <u>Mississippi Power & Light Co. v. United Gas Pipe Line Co.</u>, 760 F.3d 618, 621 (5th Cir. 1985)). "As a result, [t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." <u>Id.</u> The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court. <u>Lakedreams v. Taylor</u>, 932 F.2d 1103 (5th Cir. 1991) (citing <u>Apple Barrel Productions, Inc. v. Beard</u>, 730 F.2d 384, 386 (5th Cir. 1984)). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. <u>Canal Auth. v. Callaway</u>, 489 F.2d 567, 572 (5th Cir. 1974).

Having considered the petitioner's motion, this court finds that the petitioner fails to present facts to support his claim that there is a substantial threat of irreparable injury. The claims asserted by the petitioner of a substantial threat of irreparable injury are merely conclusory.

In light of the foregoing prerequisites and standards, it is clear that petitioner's motion should be denied. Therefore, the petitioner's Motion for Preliminary Injunction [7] is **denied** without a hearing.

SO ORDERED, this the    18th    day of February, 2008.

                                            s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE