IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS, #05711-068　　　　　　　　　　　　　　　　　　　　PETITIONER

VERSUS　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 5:07-cv-38-DCB-MTP

BRUCE PEARSON　　　　　　　　　　　　　　　　　　　　　　　　　　RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.[1] On February 26, 2007, Petitioner, an inmate incarcerated at the Federal Correctional Complex -Yazoo, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. After consideration of the petition [1], attachment [3], and response [10] filed, the Court has reached the following conclusions.

Background

The Petitioner states that he was convicted in the United States District Court Western District of Pennsylvania. According to the Bureau of Prisons (BOP) website, the Petitioner's scheduled release date is May 23, 2013.

Petitioner states that on or about February 21, 2007, he met with his unit team counselor and case manager and requested to be considered for an immediate designation to a Community Corrections Center or halfway house to serve out the remainder of his sentence.[2] In his petition,

---

[1] This Court finds that the Petitioner has filed two additional petitions for habeas relief challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21 (2005 regulations). The other civil actions are civil action numbers 5:07cv220-DCB-MTP and 5:08cv153-DCB-MTP.

[2] The Community Corrections Center or halfway house are also known as "Residential Reentry Centers." *See* 28 C.F.R. § 570.20.

Petitioner claims that he was informed that he would not be considered for such designation at that time because the Bureau of Prisons did not have the authority to place him in a halfway house or home confinement. However, according to the Petitioner, he was informed by his case manager that he would be considered for that type of release 11-18 months from his release date. Petitioner asserts that under 18 U.S.C. § 3621(b) the Bureau of Prisons had the authority to consider his request for a transfer at any time.

At the time the Petitioner filed the instant civil action, the Bureau of Prisons' regulations governing the release of a prisoner to Community Corrections Center or a halfway house was 28 C.F.R §§ 570.20 and 570.21 (2005 regulations). It appears that Petitioner is arguing that the BOP interprets these regulations to categorically deny him a transfer to a halfway house even though the BOP could place him in a halfway house "at any time." *Pet.* [1] p. 4. Furthermore, it appears that Petitioner is asserting that this categorical approach disregards the statutory factors set forth in 18 U.S.C. § 3621(b), which the BOP is required to consider in determining inmate placement. As relief, Petitioner is requesting that the BOP immediately designate him to a Community Corrections Center or home confinement.

## Analysis

Since the filing of this petition on February 26, 2007, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Reentry Center to twelve months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On October 27, 2008, this Court entered an order [9], directing the Petitioner to file a written response stating

why his petition for habeas relief should not be dismissed as moot in light of the above legislation. In Petitioner's response [10], he argues that his petition is not moot and should not be dismissed because the BOP has the authority to consider him for release to a Community Corrections Center or halfway house notwithstanding his release date being scheduled for May 23, 2013, which is more than 12 months away. For the following reasons this Court is not persuaded by the Petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). This Court is obliged to raise the subject of mootness *sua sponte*. *Id*. As stated above, subsequent to Petitioner's request for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) *(per curiam)*(quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (*per curiam*)). *See also Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

Notwithstanding how the Petitioner presents his claim, this Court finds that he is challenging 28 C.F.R §§ 570.20 and 570.21 (2005 regulations), which "have been 'effectively erased' by the Second Chance Act." *John v. Berkebile*, 2008 WL 2531430, *2 (N.D. Tex. 2008) (*citing Coal. of Airline Pilots Assocs. v. FAA*, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were

3

"effectively erased" following the enactment of new federal law)). According to the facts presented by the Petitioner, he does not indicate that the BOP is still following 28 C.F.R. §§ 570.20 and 570.21 (2005 regulations) which, as mentioned above, have been "effectively erased;" therefore, this petition is rendered moot. Even if the Petitioner were to argue that there is a "reasonable expectation" that the Respondents will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy." *Bailey* at 279. (*citing Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986); *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d. 849, 850 (11th Cir. 1984)). Because this Court can no longer grant the remedy requested by the Petitioner, the dismissal of the instant petition is warranted.

As for the Petitioner's reference requesting in the alternative that he be released on home confinement, this Court finds that home confinement is not considered a "place of confinement," and as such, 18 U.S.C. § 3621(b) is not implicated. *See Grote v. Berkebile*, No. 3-07-CV-863-B, 2007 WL 4302933 at *7 (N.D. Tex. Dec. 5, 2007). Consequently, Petitioner is not entitled to habeas relief. Accordingly, it is

ORDERED AND ADJUDGED that the Petitioner's request in his response [10] to substitute Bruce Pearson, Warden, in place of Constance Reese as the respondent is granted and the Clerk is directed to replace Respondent Warden Constance Reese with Warden Bruce Pearson.

IT IS FURTHER ORDERED AND ADJUDGED that the Petitioner's request in his response [10] that he receive a copy of *Tischendorf v. Van Buren*, No. 07-11262, 2008 WL

2796727 (5th Cir. 2008) (which is attached to this Memorandum Opinion and Order) is granted.

IT IS FURTHER ORDERED AND ADJUDGED, based on the foregoing reasons, Petitioner's request for habeas relief is moot. Therefore, this case will be dismissed with prejudice. A Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

This the  7th  day of  July , 2009.

                                       s/David Bramlette
                                       UNITED STATES DISTRICT JUDGE



285 Fed.Appx. 154
285 Fed.Appx. 154, 2008 WL 2796727 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 285 Fed.Appx. 154, 2008 WL 2796727 (C.A.5 (Tex.)))

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Fifth Circuit Rules 28.7, 47.5.3, 47.5.4. (Find CTA5 Rule 28 and Find CTA5 Rule 47)

United States Court of Appeals,
Fifth Circuit.
Courtney M TISCHENDORF, Petitioner-Appellant
v.
Ginny Van BUREN, Respondent-Appellee.
**No. 07-11262**
**Summary Calendar.**

July 21, 2008.

Mark Allem McAdoo, Law Offices of Mark A. McAdoo, Arlington, TX, for Petitioner-Appellant.

Donna Kathleen Webb, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Respondent-Appellee.

Appeal from the United States District Court for the Northern District of Texas, USDC No. 4:07-CV-273.

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM: [FN*]

[FN*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**1 Courtney M. Tischendorf, federal prisoner # 33920-177, is serving a 33-month sentence for embezzlement by a bank employee in violation of 18 U.S.C. § 656. She appeals the dismissal of her 28 U.S.C. § 2241 petition challenging the regulations used by the Bureau of Prisons (BOP) to determine an inmate's eligibility for transfer to a halfway house.

Tischendorf seeks an order from this court to the BOP to consider releasing her to a halfway house "at the point in time where she has 180 days remaining on her sentence." Because her scheduled release date is September 23, 2008, the date 180 days prior to that date passed on March 27, 2008. She also requests that we order the BOP to consider transferring her to a halfway house "prior to [June 29, 2008], with no less than 180 days left before her release." The BOP previously indicated that it would consider transferring Tischendorf to a halfway house on June 29, 2008. On April 9, 2008, Congress amended the statutory provisions granting authority to the BOP to determine an inmate's eligibility for halfway house placement. *See* Second Chance Act of 2007, *155 Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692-93 (April 9, 2008), 18 U.S.C. § 3624(c). The parties have not addressed the amendment or its effect upon the instant appeal. Nor has this court

285 Fed.Appx. 154
285 Fed.Appx. 154, 2008 WL 2796727 (C.A.5 (Tex.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 285 Fed.Appx. 154, 2008 WL 2796727 (C.A.5 (Tex.)))

previously addressed a claim such as Tischendorf's. Because her eligibility date has passed, however, no effective judicial remedy exists. Accordingly, we must DISMISS the appeal as moot.

C.A.5 (Tex.),2008.
Tischendorf v. Buren
285 Fed.Appx. 154, 2008 WL 2796727 (C.A.5 (Tex.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.